```
            IN THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

MICHELLE HALL and DANNY HALL, §
individually and A/N/F of §
M.S.H., a minor, §
§
§
Plaintiffs, §
§
v. § CIVIL ACTION NO. H-12-3474
§
ROBERT EMERSON ROBINSON, §
THOMAS D. BROOKS, and §
HARRIS COUNTY, §
§
Defendants. §

## MEMORANDUM AND ORDER

Pending is Defendant Harris County's Motion to Dismiss (Document No. 8). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

### I. Background

Plaintiffs Michelle Hall and Danny Hall, individually and as next friend of minor M.S.H. ("Plaintiffs"), bring suit against Robert Emerson Robinson, Thomas D. Brooks, and Harris County ("Defendants").[1] Robinson was employed by Harris County as a juvenile supervision officer, and Brooks is the Executive Director of the Harris County Juvenile Probation Department ("HCJPD").[2]

---

[1] Document No. 6 (1st Am. Cmplt.).

[2] Id. ¶¶ 6-7.

In May of 2012, M.S.H., a 15-year-old female, was housed at the Harris County Juvenile Justice Center ("HCJJC").[3] Plaintiffs allege that during her incarceration, Robinson, a juvenile supervision officer assigned to the boys unit, regularly visited M.S.H., harassed her, and ultimately raped her.[4]

Plaintiffs bring claims under 42 U.S.C. § 1983 against all Defendants, and against Robinson alleges torts of assault, battery, and intentional infliction of emotional distress.[5] Defendant Harris County moves to dismiss the Section 1983 claims against Defendants Robinson and Brooks as duplicative of the claims against Harris County.[6] Harris County also moves to dismiss the state law tort claims against Robinson and Brooks on the grounds that the Texas Tort Claims Act ("TTCA") requires employees to be dismissed from a suit when tort claims are brought against both a governmental unit and its employees.[7]

---

[3] Id. ¶ 9.

[4] Id. ¶¶ 9-13. Robinson allegedly confessed to committing sexual assault and rape, has been charged with sexual assault of a minor, and is on bail awaiting trial. Id. at 5.

[5] Id. ¶¶ 20-28.

[6] Document No. 8. Defendants Robinson and Brooks have not answered the lawsuit. Document No. 12 at 1.

[7] Document No. 8.

## II. Discussion

### A. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right

3

to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

B.  Analysis

Harris County argues that the Section 1983 claims against Brooks should be dismissed on the grounds that they are duplicative of the claims against the County.[8] It is undisputed that all claims against Brooks are against him "in his official capacity as the Executive Director of the Harris County Juvenile Probation Department," a department of Defendant Harris County.[9] Because Plaintiffs' claims are against Brooks in his official capacity, they are claims against his employer Harris County and are dismissed as redundant. See McCoy-Eddington v. Brazos Cnty., Civ.A. H-05-0395, 2007 WL 1217989, at *2 (S.D. Tex. Apr. 24, 2007) (plaintiff's claims against director of Brazos County Department of Juvenile Services "are considered claims against her employer, Brazos County, and are, given that Brazos County is also a Defendant, redundant.").

---

[8] Document No. 8 at 1-2.

[9] Document No. 6 ¶ 7. See also Document No. 8 at 1; Document No. 12 at 2, 5.

4

Plaintiffs assert that the Section 1983 claims against Robinson are brought in his individual capacity.[10] As Section 1983 does not preclude a plaintiff from bringing an action against a government official in his individual capacity, these claims survive. See Kentucky v. Graham, 105 S. Ct. 3099, 3105 (1985) (distinguishing personal-capacity suits, which "seek to impose personal liability upon a government official for actions he takes under color of state law," from official-capacity suits, which are another way of pleading an action against the state entity for which the officer works).

Harris County also contends that Plaintiffs' intentional torts claims are inconsistent with the TTCA and should be dismissed.[11] The TTCA provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011).[12] Plaintiffs assert claims against both Robinson and

---

[10] Document No. 8 at 2; Document No. 6 ¶ 6 ("ROBINSON . . . was acting in his capacity as a juvenile supervision officer and under color of state law."). To the extent that Plaintiffs are alleging official capacity claims against Robinson, an HCJPD employee, they are dismissed for the reasons stated above.

[11] Document No. 8 at 2.

[12] See also Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008) ("Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are

the County under Section 1983, but bring state law tort claims against only Robinson.[13] As Section 1983 claims are not brought under the TTCA, Plaintiffs have not filed suit 'under this chapter' against both Harris County and its employees, and Section 101.106(e) is inapplicable. *See* Estate of Shane G. Sorrells v. City of Dallas, 45 Fed. Appx. 325, 2002 WL 1899592, *4 (5th Cir. 2002) (per curiam) ("The Sorrell Family's state law claims against Dallas were not claims 'under this chapter,' i.e., the TTCA, because Dallas was only sued under § 1983.") (citing Bell v. Love, 923 S.W.2d 229, 231 (Tex. App. 1996)); Green v. Nueces Co., Tex., Civ. A. No. C-09-316, 2010 WL 918972, at *5 (S.D. Tex. Mar. 15, 2010) (Jack, J.) ("Section 101.106(e) does not apply in this case because Plaintiff has not filed suit 'under this chapter against both a governmental unit and any of its employees.' While Plaintiff has asserted a Section 1983 claim against both sets of Defendants, such a claim is not brought 'under this Chapter.'").

### III. Order

For the foregoing reasons, it is

ORDERED that Defendant Harris County's Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 8) is GRANTED as

---

assumed to be under [the Tort Claims Act] for purposes of Section 101.106.") (alteration in original) (internal quotations omitted).

[13] Document No. 6 ¶¶ 20-28.

to all claims against Defendant Thomas D. Brooks, who is DISMISSED as a defendant; and as to claims against Defendant Robert Emerson Robinson in his official capacity, and all claims against Defendant Robinson in his official capacity are DISMISSED. Defendant's Motion to Dismiss is otherwise DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 29TH day of July, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE